UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

CORNELL CURRY,                          :

                   Plaintiff,           :
                                            09 Civ. 6901 (VM)(HBP)
      -against-                         :
                                            REPORT AND
THE NEW YORK CITY POLICE                :    RECOMMENDATION
DEPARTMENT, et al.,
                                        :
                   Defendants.
                                        :
---------------------------------X

          PITMAN, United States Magistrate Judge:

          TO THE HONORABLE VICTOR MARRERO, United States District

Judge,

          Deeming the attached document to be a motion for a

default judgment, the I respectfully recommend that the motion be

denied.  Relying on New York's Civil Practice Law and Rules

("CPLR"), plaintiff seeks a default judgment on the ground that

the answers of certain defendants are not verified.  To the

extent the CPLR sets forth rules of procedure, such as the

verification of pleadings,, it is not applicable in federal

court.  Procedure in federal court is governed by the Federal

Rules of Civil Procedure which do not require that pleadings be

verified.  Fed.R.Civ.P. 11(a).  Accordingly, the lack of a

verification does not render any of the answers deficient, and there is no legal basis for the entry of a default judgment.

OBJECTIONS

      Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, United States District Judge, 500 Pearl Street, Room 660, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

2

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         April 20, 2010

                              SO ORDERED


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Mr. Cornell Curry
General Delivery
390 9th Avenue
New York, New York  10001

Mr. Cornell Curry
Apt. 1127
127 West 43rd Street
New York, New York  10036

Brian J. Farrar, Esq.
Caroline Ling-Yu Chen, Esq.
Assistant Corporation Counsels
City of New York
Room 312
100 Church Street
New York, New York  10007

Hon Henry B. Pitman                    Cornell Curry
United States District Court            General Delivery Section
Southern District of New York          390 Ninth Avenue
500 Pearl Street                       New York, New York 10001
New York, New York 10007

~~Request To File A Motion~~
~~For A Default Judgment~~
C.C.

In Re: Cornell Curry V. New York City Police Department, et al.
        09 Civ 6901 (VM), (HBP),

Your Honor:

      I am the plaintiff herein. I am complaining Pro Se,

      On February 8, 2010 the defendant submitted and filed

with this Court "Answer To Amended Complaint By City Of

New York, New York City Police Department AND Officer

Evangelos Nikiforidis." A copy annexed as exhibit A.

      The defendants answer is Not affirmed under the

lawyer's oath of affirmation pursuant to civil practice law

and rules, section 2106, nor in anyway Declared under

the penalty of perjury, and therefore, should be

                    PAGE ONE                    cont'd...

declare inadmissable and rejected by this court in its entirety.

On February 9, 2010 the defendant submitted and filed with this Court "Answer To Amended Complaint By Cesar Gonzalez". A copy annexed as Exhibit B. The defendants answer is not affirmed under the lawyer's oath of affirmation pursuant to civil practice law and rules, section 2106, Nor in any way Declared under the penalty of perjury, and therefore, should be declared inadmissable and Rejected by this court in its entirety.

Wherefore, plaintiff respectfully request that plaintiff be granted permission to file a motion for a Default Judgment in the amount of $4,500,000.00, and for such other and further relief as to this court may deem just and proper.

cont' d...

Dated: April 16, 2010
New York, New York

Yours, ETC,

Cornell Curry

CORNELL CURRY

Plaintiff Pro

cc: BRIAN J. FARRAR, ESQ.
Assistant Corporation Counsel
100 Church Street
Room 3-312
New York, New York 10007

P.S: See John Orcutt, Assistant Borough Chief New York City

Law Department Corporation Counsel Affirmed pursuant to

civil practice law and rules, section 2106, a copy annexed

as Exhibit C.

Cornell Curry
April 16, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

CORNELL CURRY,

                                    Plaintiff,

                -against-

NEW YORK CITY POLICE DEPARTMENT; THE CITY
OF NEW YORK; POLICE OFFICER CESAR
GONZALEZ, Shield No. 19379 and POLICE OFFICER
NIKIFORIDIS Shield No. 18591,

                                    Defendants.

---------------------------------------------------------------------- x

**ANSWER TO AMENDED
COMPLAINT BY CITY OF
NEW YORK, NEW YORK
CITY POLICE
DEPARTMENT AND
OFFICER EVANGELOS
NIKIFORIDIS**

09 Civ. 6901 (VM) (HBP)

JURY TRIAL DEMANDED

       Defendants City of New York, New York City Police Department ("NYPD") and

Officer Evangalos Nikiforidis, by their attorney, Michael A. Cardozo, Corporation Counsel of

the City of New York, as and for their answer to the amended complaint (hereinafter

"Complaint") dated November 17, 2009, respectfully allege, upon information and belief, as

follows:[1]

    1.  Deny the allegations set forth in Part "I" (on pages "1" through "2") of the Complaint,

        entitled "Parties in this complaint," except admit that plaintiff purports to name the

        parties to this action as stated therein.

    2.  Deny the allegations set forth in Part "II" (on page "2") of the Complaint, entitled

        "Basis for Jurisdiction," except admit that plaintiff purports to invoke the Court's

        jurisdiction as stated therein.

---

[1] For purposes of answering the Complaint dated November 17, 2009, attached hereto, for the Court's convenience, is a copy of the complaint with the pages re-numbered 1 through 10.

3. Deny the allegations set forth in Part "III" (on page 3) of the Complaint, entitled "Statement of Claim." In addition, defendants respectfully refer the Court to paragraphs 5 to 17 below, being defendants' responses to the statements set forth by plaintiff on pages 4 to 10 of the Complaint.

4. Deny the allegations set forth in Part "IV" (on page "3") of the Complaint, entitled "Injuries".

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" (on page "4") of the Complaint.

6. Deny the allegations set forth in paragraph "2" (on pages "4-5") of the Complaint, except admit that plaintiff purports to proceed as stated therein.

7. Deny the allegations set forth in paragraph "3" (on page "5") of the Complaint, except admit that the NYPD's principal place of business is One Police Plaza, New York, New York and that Cesar Gonzalez and Evangelos Nikiforidis are NYPD Officers.

8. Deny the allegations set forth in paragraph "4" (on pages "5-6") of the Complaint.

9. Deny the allegations set forth in paragraph "5" (on page "6") of the Complaint, except admit that officers observed plaintiff at the Canal Street subway station.

10. Deny the allegations set forth in paragraph "6" (on page "6") of the Complaint, except admit that plaintiff purports to annex to his Complaint a "lucky" receipt as an exhibit.

11. Deny the allegations set forth in paragraph "7" (on pages "6-7") of the Complaint, except admit that Officers Gonzalez and Nikiforidis stopped plaintiff and recovered bent metrocards from plaintiff's person.

12. Admits the allegations set forth in paragraph "8" (on page "7") of the Complaint.

13. Deny the allegations set forth in paragraph "9" (on pages "7-8") of the Complaint, except deny knowledge or information sufficient to form a belief as to the length of plaintiff's alleged incarceration, and except admit that plaintiff purports to annex to the Complaint a certificate as an exhibit.

14. Deny the allegations set forth in paragraph "10" (on pages "8-9") of the Complaint, except admit that plaintiff annexed to the Complaint what he purports is a transcript of an administrative hearing as an exhibit.

15. Deny the allegations set forth in paragraph "11" (on page "9") of the Complaint, except deny knowledge or information sufficient to form a belief as to any court proceedings or the disposition of any criminal charges against plaintiff.

16. Deny the allegations set forth in paragraph "12" (on page "9") of the complaint except admit that a document purporting to be a "Notice of Claim" was received by the New York City Comptroller's Office.

17. Plaintiff's statement in paragraph "13" (on page "9") of the Complaint sets forth no averment of facts to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

18. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

19. Defendant Evangalos Nikiforidis has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and acted reasonably. Thus, he is protected by qualified immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

20. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

21. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

22. Any injury alleged to have been sustained resulted from culpable or negligent conduct on the part of plaintiff and/or third parties and was not the proximate result of any act of defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

23. Any prosecution of plaintiff was supported by probable cause.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

24. Any detention or arrest of plaintiff was privileged and/or supported by probable cause.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

25. The New York City Police Department is not a suable entity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

26. Plaintiff cannot obtain punitive damages against the City of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

27. Defendant City of New York is entitled to governmental immunity.

**WHEREFORE,** defendants City of New York, New York City Police Department and Evangelos Nikiforidis request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      February 8, 2010

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, New York City Police Department and Officer Evangelos Nikiforidis*
100 Church Street, Room 3-142
New York, New York 10007
(212) 788-1106

By:                                   
             Caroline Chen
             Assistant Corporation Counsel
             Special Federal Litigation Division

cc:   **BY REGULAR MAIL**
      Cornell Curry
      *Plaintiff pro se*
      General Delivery
      390 Ninth Avenue
      New York, New York 10001

Index No. 09 CV 6901 (VM) (HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORNELL CURRY,

                                               Plaintiff,

                          -against-

NEW YORK CITY POLICE DEPARTMENT; THE CITY OF NEW
YORK; POLICE OFFICER CESAR GONZALEZ, Shield No. 19379
and POLICE OFFICER NIKIFORIDIS Shield No. 18591,

                                               Defendants.

**ANSWER TO AMENDED COMPLAINT BY CITY OF NEW
YORK, NEW YORK CITY POLICE DEPARTMENT AND
OFFICER EVANGELOS NIKIFORIDIS**

MICHAEL A. CARDOZO

Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, New York City Police
Department, Officer Cesar Gonzalez and Officer Evangelos
Nikiforidis*

100 Church Street Rm 3-142
New York, N.Y. 10007

*Of Counsel: Caroline Chen
Tel: (212) 788-1106
NYCLIS No. 2009-041974*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................, 2010 . . .*

*..........................................................Esq.*

*Attorney for.................................................*

- 6 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

CORNELL CURRY,

                                        Plaintiff,

                    -against-

NEW YORK CITY POLICE DEPARTMENT; THE CITY
OF NEW YORK; POLICE OFFICER CESAR
GONZALEZ, Shield No. 19379 and POLICE OFFICER
NIKIFORIDIS Shield No. 18591,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED
COMPLAINT BY OFFICER
CESAR GONZALEZ**

09 Civ. 6901 (VM) (HBP)

JURY TRIAL DEMANDED

 

 

 

 

 

 

 

 

 

Defendant Cesar Gonzalez, by his attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, as and for his answer to the amended complaint (hereinafter

"Complaint") dated November 17, 2009, respectfully alleges, upon information and belief, as

follows:[1]

1. Denies the allegations set forth in Part "I" (on pages "1" through "2") of the

    Complaint, entitled "Parties in this complaint," except admits that plaintiff purports to

    name the parties to this action as stated therein.

2. Denies the allegations set forth in Part "II" (on page "2") of the Complaint, entitled

    "Basis for Jurisdiction," except admits that plaintiff purports to invoke the Court's

    jurisdiction as stated therein.

---

[1] For purposes of answering the Complaint dated November 17, 2009, attached hereto, for the
Court's convenience, is a copy of the complaint with the pages re-numbered 1 through 10. In
addition, defendants City of New York, New York City Police Department and Evangelos
Nikiforidis served their answer to the Complaint on February 8, 2010.

Exhibit B

3.  Denies the allegations set forth in Part "III" (on page 3) of the Complaint, entitled "Statement of Claim." In addition, defendant respectfully refers the Court to paragraphs 5 to 17 below, being defendant's responses to the statements set forth by plaintiff on pages 4 to 10 of the Complaint.

4.  Denies the allegations set forth in Part "IV" (on page "3") of the Complaint, entitled "Injuries".

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" (on page "4") of the Complaint.

6.  Denies the allegations set forth in paragraph "2" (on pages "4-5") of the Complaint, except admits that plaintiff purports to proceed as stated therein.

7.  Denies the allegations set forth in paragraph "3" (on page "5") of the Complaint, except admits that the NYPD's principal place of business is One Police Plaza, New York, New York and that Cesar Gonzalez and Evangelos Nikiforidis are NYPD Officers.

8.  Denies the allegations set forth in paragraph "4" (on pages "5-6") of the Complaint.

9.  Denies the allegations set forth in paragraph "5" (on page "6") of the Complaint, except admits that officers observed plaintiff at the Canal Street subway station.

10. Denies the allegations set forth in paragraph "6" (on page "6") of the Complaint, except admits that plaintiff purports to annex to his Complaint a "lucky" receipt as an exhibit.

11. Denies the allegations set forth in paragraph "7" (on pages "6-7") of the Complaint, except admits that Officers Gonzalez and Nikiforidis stopped plaintiff and recovered bent metrocards from plaintiff's person.

12. Admits the allegations set forth in paragraph "8" (on page "7") of the Complaint.

13. Denies the allegations set forth in paragraph "9" (on pages "7-8") of the Complaint, except denies knowledge or information sufficient to form a belief as to the length of plaintiff's alleged incarceration, and except admits that plaintiff purports to annex to the Complaint a certificate as an exhibit.

14. Denies the allegations set forth in paragraph "10" (on pages "8-9") of the Complaint, except admits that plaintiff annexed to the Complaint what he purports is a transcript of an administrative hearing as an exhibit.

15. Denies the allegations set forth in paragraph "11" (on page "9") of the Complaint, except denies knowledge or information sufficient to form a belief as to any court proceedings or the disposition of any criminal charges against plaintiff.

16. Denies the allegations set forth in paragraph "12" (on page "9") of the complaint except admits that a document purporting to be a "Notice of Claim" was received by the New York City Comptroller's Office.

17. Plaintiff's statement in paragraph "13" (on page "9") of the Complaint sets forth no averment of facts to which a response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

18. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

19. Defendant Cesar Gonzalez has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and acted reasonably. Thus, he is protected by qualified immunity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

20. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

21. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

22. Any injury alleged to have been sustained resulted from culpable or negligent conduct on the part of plaintiff and/or third parties and was not the proximate result of any act of defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

23. Any prosecution of plaintiff was supported by probable cause.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

24. Any detention or arrest of plaintiff was privileged and/or supported by probable cause.

**WHEREFORE,** defendant Officer Cesar Gonzalez requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 9, 2010

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, New York City Police Department, Officer Cesar Gonzalez and Officer Evangelos Nikiforidis*
100 Church Street, Room 3-312
New York, New York 10007
(212) 341-0797

By:    *[signature]*

Brian J. Farrar
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  **BY REGULAR MAIL**
Cornell Curry
*Plaintiff pro se*
General Delivery
390 Ninth Avenue
New York, New York 10001

- 5 -

Index No. 09 CV 6901 (VM) (HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORNELL CURRY,

Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT; THE CITY OF NEW YORK; POLICE OFFICER CESAR GONZALEZ, Shield No. 19379 and POLICE OFFICER NIKIFORIDIS Shield No. 18591,

Defendants.

## ANSWER TO AMENDED COMPLAINT BY OFFICER CESAR GONZALEZ

MICHAEL A. CARDOZO

Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, New York City Police Department, Officer Cesar Gonzalez and Officer Evangelos Nikiforidis*

100 Church Street Rm 3-142
New York, N.Y. 10007

*Of Counsel: Caroline Chen*
*Tel: (212) 788-1106*
*NYCLIS No. 2009-041974*

*Due and timely service is hereby admitted.*

*New York, N.Y.   ........................, 2010 . . .*

*...........................................................Esq.*

*Attorney for................................................*

- 6 -

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- x

CORNELL CURRY,

                               Plaintiff,

              -against-

NEW YORK CITY TRANSIT AUTHORITY and NEW
YORK CITY POLICE DEPARTMENT TRANSIT
DIVISION,

                            Defendants.
-------------------------------------------------------------------- x

**AFFIRMATION IN SUPPORT**

Index No: 109345/08
File No: 2008-026794

      **JOHN ORCUTT**, an attorney admitted to practice in New York and an Assistant Borough Chief of the City of New York, affirms the truth of the following under penalty of perjury pursuant to CPLR § 2106, upon information and belief based upon the records in the office of said Corporation Counsel.

      1.     This affirmation and annexed exhibits are submitted in support of the motion of the Defendant THE CITY OF NEW YORK s/h/a NEW YORK CITY POLICE DEPARTMENT TRANSIT DIVISION (hereinafter "City") which seeks an Order pursuant to CPLR § 3211(a)(7) dismissing each and every cause of action individually, along with the complaint in its entirety, and all cross-claims for failure to state a cause of action, or in the alternative, pursuant to CPLR § 3212 granting Summary Judgment to Defendant City, on the grounds that the City is not liable for plaintiff's injuries.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

      2.     This is an action for personal injuries allegedly sustained by the plaintiff CORNELL CURRY on May 3, 2006 when plaintiff was arrested as he entered the subway located at 23rd Steet and 8th Avenue in the City, County, and State of New York. See Notice of Claim, ¶ 4, annexed hereto as Exhibit A. Plaintiff was release 21 days later on May 24, 2006.

Dated:          New York, New York
                April 17, 2009

                                        Yours, etc.
                                        MICHAEL A. CARDOZO
                                        Corporation Counsel

                                        By: _____
                                        **JOHN ORCUTT**
                                        Assistant Borough Chief
                                        New York City Law Department
                                        Tort Division, Manhattan Trial Unit
                                        100 Church Street, 4th Floor
                                        New York, NY  10007
                                        Contact:      Gregory Mouton
                                                      (212) 788-0627

TO:

CORNELL CURRY
Plaintiff Pro Se
General Delivery Section
390 Ninth Avenue
New York, NY  10001

*Hon. Henry B. Pitman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORNELL CURRY

_(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)_

09 Civ 6901 (VM)(HP)

- against -

New York City Police Department
The City OF New York Et' Al.

**AFFIRMATION OF SERVICE**

_(In the space above enter the full name(s) of the defendant(s)/respondent(s).)_

I, CORNELL CURRY , declare under penalty of perjury that I have
_(name)_

with exhibits

served a copy of the attached A letter and corrected First Page.
BRIAN J. FARRAR ESQ.         _(document you are serving)_

upon Assistant Corp. Counsel whose address is 100 Church
_(name of person served)_

Street, Room 3-312 New York, New York 10007
_(where you served document)_

by Hand Delivery see stamp, 4.16.2010 10:04 A.M.
_(how you served document: For example - personal delivery, mail, overnight express, etc.)_

Dated: New York    N.Y.
_(town/city)_    _(state)_

April    16, 20 10
_(month)_    _(day)  (year)_

Cornell Curry
_Signature_

General Delivery Section
_Address_

New York, New York
_City, State_

10001
_Zip Code_

No-Telephone
_Telephone Number_

_Rev. 05/2007_